UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JEREMY WARE AND MIKKI PAYNE-WARE,<br>    *Plaintiffs*<br><br>V.<br><br>MERIDIAN SECURITY INSURANCE COMPANY,<br>    *Defendant.* | §§§§§§§§§§§§§ | CIVIL ACTION NO 3:24-cv-00201 |

### DEFENDANT MERIDIAN SECURITY INSURANCE COMPANY'S
### NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and L.R. 81.1, Defendant, Meridian Security Insurance Company ("Defendant"), files this Notice of Removal and in support thereof, would show the Court as follows:

### I.   PROCEDURAL BACKGROUND

1. On November 28, 2023, Plaintiffs, Jeremy Ware and Mikki Payne-Ware (collectively, "Plaintiffs") filed their Original Petition and initiated a civil action against Defendant in Cause No. DC-23-19813, *Jeremy Ware and Mikki Payne-Ware v. Meridian Security Insurance Company*, in the 14th Judicial District Court of Dallas County, Texas (the "State Court Action"). **Exhibit C**.

2. On or about December 28, 2023, Defendant was served with a copy of the Citation and Plaintiffs' Original Petition. **Exhibit F**. Defendant timely filed its answer in the State Court Action on January 19, 2024. *See* **Exhibit D** attached hereto and incorporated by reference.

3. Defendant now timely files this Notice of Removal within the thirty-day timeframe for removal under 28 U.S.C. § 1446(b).

4. Under 28 U.S.C. § 1441(a), venue is proper in the United States District Court for the Northern District of Texas, Dallas Division because the 14th Judicial District Court of Dallas County, Texas is located within the Dallas Division of the Northern District of Texas. Therefore, this Court is the district and division within which the State Court Action is pending. *See* 28 U.S.C. § 1446(a).

## II.    ARGUMENTS AND AUTHORITIES

5. Removal of the State Court Action is proper on the basis of diversity of citizenship jurisdiction. Under 28 U.S.C. § 1332(a)(2), diversity jurisdiction over a civil action exists in a federal district court when the amount in controversy exceeds $75,000, exclusive of interest and costs, and when none of the parties in interest properly joined and served as defendants are citizens of the same state as plaintiff. 28 U.S.C. § 1332(a)(2). Here, both requirements for subject matter jurisdiction based on diversity of citizenship are met.

### A.    The Parties are Completely Diverse.

6. Complete diversity of citizenship exists between Plaintiffs and Defendant. An individual is a citizen of the state in which the individual is domiciled. *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996). An individual is domiciled in the state in which he resides with the intent to remain indefinitely. *State of Texas v. State of Florida*, 306 U.S. 398, 424–425 (1939); *see also Deep Marine Tech., Inc. v. Conmaco/Rector, L.P.*, 515 F. Supp.2d 760 (S.D. Tex. 2007). An individual may have only one domicile, which is presumed to continue until the individual is physically present in a different state with the intent to remain indefinitely. *See Coury*, 85 F.3d at 250; *Stine v. Moore*, 213 F.2d 446, 447–48 (5th Cir. 1954). According to Plaintiffs' Original

2

Petition, Plaintiffs are "Texas residents." **Exhibit C,** at ¶ 2. Therefore, Plaintiffs are domiciled in and citizens of the State of Texas.

7. A corporation is a citizen of every state under the laws of which it is incorporated and in the state in which it has its principal place of business. *Hertz Corp. v.* Friend, 559 U.S. 77, 80–81 (2010). Defendant is now, was at the time this suit was filed, and was at all times intervening, a corporation organized under the laws of the State of Indiana, and with its principal place of business in the State of Ohio. Therefore, Defendant is a citizen of the States of Indiana and Ohio, and not of Texas.

8. Accordingly, the Parties are completely diverse because Plaintiffs are citizens of Texas and Defendant is a citizen of Indiana and Ohio for purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(a)(2).

   **B.   The Amount in Controversy Exceeds $75,000.00.**

9. The amount in controversy in this action exceeds $75,000, exclusive of interest and costs. *See* **Exhibit C**, at ¶ 1. The amount in controversy under 28 U.S.C. § 1332(a) is determined by reference to plaintiff's pleadings. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995), *cert. denied*, 516 U.S. 865 (1995). The damages the plaintiff claims in the petition, if apparently claimed in good faith, are controlling. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938). Attorneys' fees are included in the amount in controversy where a statute under which the plaintiff sues authorizes recovery thereof. *H&D Tire & Auto. Hardware, Inc. v. Pitney Bowes, Inc.*, 227 F.3d 326, 330 (5th Cir. 200), *cert. denied*, 534 U.S. 894 (2001).

10. Plaintiffs' Original Petition does not state a specific monetary demand. Rather, Plaintiffs have pled that they seek monetary relief "of more than $250,000." **Exhibit C,** at ¶ 1. Additionally, Plaintiffs seek "three times the amount of their actual damages" in addition to

"attorney fees." *Id*., at ¶ 24, 27. Therefore, an award of damages for Plaintiffs' recovery requests would likely surpass the $75,000 threshold.

### III.    INFORMATION FOR THE CLERK

11. Pursuant to Local Rule 81.1, Defendant has attached the following documents to this Notice of Removal:

    a. A completed civil cover sheet;
    b. A completed supplemental civil cover sheet;
    c. All "related cases," of which there are none;
    d. An index of all documents filed, as **Exhibit A**.
    e. The State Court Action docket sheet, as **Exhibit B**.
    f. The pleadings asserting causes of action, as **Exhibit C**, and all answers to such pleadings as **Exhibit D**; and,
    g. A signed certificate of interested persons, as **Exhibit E**;
    h. The executed process, as Exhibit F; and,
    i. A certified copy of the insurance policy at issue, redacted for premium information.

12. Additionally, the counsel of record for the represented parties are as follows:

    Counsel for Plaintiffs, Jeremy Ware and Mikki Payne-Ware:
    **HUBBLE PISTORIUS**
    John L. Hubble
    Campbell Centre I North Tower
    8350 North Central Expwy, Suite 1310
    Dallas, Texas 75206
    Telephone: 214-361-1262

    Counsel for Defendant, Meridian Security Insurance Company:
    **PHELPS DUNBAR LLP**
    Clinton J. Wolbert
    910 Louisiana Street, Suite 4300
    Houston, Texas 77002
    Telephone: 713-626-1386

13. Copies of all process, pleadings, and orders served upon Defendant in the State Court Action are also attached to this Notice of Removal pursuant to 28 U.S.C. § 1446(a) as **Exhibits F** (process)**, C** and **D** (pleadings). There have been no orders served upon Defendant in the State Court Action.

14. Pursuant to Federal Rule of Civil Procedure 7.1(a), Defendant has attached a corporate disclosure statement hereto as part of **Exhibit E**.

15. Defendant has or will promptly notify the 14th Judicial District Court of Dallas County, Texas of its Removal of the State Court Action to this federal Court.

### IV.     JURY DEMAND

16. Defendant requests a trial by jury in this Federal Court on all triable issues of fact.

### V.     CONCLUSION

17. This is a civil action of which this Court would have had original jurisdiction under 28 U.S.C. 1332(a) had Plaintiffs chosen to file this action in this Court. Therefore, removal of this civil action to this Court is proper under 28 U.S.C. § 1441(a) because it is an action between citizens of different States, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

### **PRAYER**

WHEREFORE, Defendant respectfully removes the above-entitled action from the 14th Judicial District Court of Dallas County, Texas, to the United States District Court for the Northern District of Texas, Dallas Division.

    Respectfully submitted,

P HELPS D UNBAR LLP

By: */s/ Clinton J. Wolbert*
    Clinton J. Wolbert
    State Bar No. 24103020
    Joshua McGraw
    State Bar No. 24120999
    910 Louisiana Street, Suite 4300
    Houston, Texas 77002
    Email: clinton.wolbert@phelps.com
    Telephone: (713) 626-1386
    Facsimile: (713) 626-1388

**ATTORNEY FOR DEFENDANT,
MERIDIAN SECURITY INSURANCE
COMPANY**

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of this document has been served upon all counsel as listed below by sending a copy of same via certified mail return receipt requested, electronic mail, e-service, and/or facsimile, on the 26th day of January, 2024.

John L. Hubble  
State Bar No. 10144650  
Hubble Pistorius  
Campbell Centre I North Tower  
8350 North Central Expwy, Suite 1310  
Dallas, Texas 75206  
Tel: (214) 361-1262  
Fax: (214) 373-3455  
johnhubble@hubblelaw.com  
**ATTORNEYS FOR PLAINTIFF**

                                          */s/ Clinton J. Wolbert*  
                                            Clinton J. Wolbert